**WHITE v. THOMPSON.**

No. 48 C 1021.

United States District Court

N. D. Illinois, E. D.

Oct. 4, 1948.

Supplemental Opinion Oct. 13, 1948.

Sol Andrews, of Chicago, Ill., for plaintiff.

Campbell, Clark & Miller, of Chicago, Ill., for defendant.

BARNES, District Judge.

The defendant moves to dismiss on two grounds: First, that the prosecution of this action in this court,. or in any court located outside the State of Arkansas, constitutes an unreasonable burden upon interstate commerce; and, second, that the prosecution of this action in this court is inconvenient, inequitable, burdensome and oppressive to the parties, and particularly to the defendant, and is likewise inconvenient and burdensome to this court. Substantially the only answer made by the plaintiff to this motion is that the defendant, by removing the action from the State court to this court, waived any objection he might have to the maintenance of the action in this court.

The court is of opinion that the removal of the action to this court was not a waiver of the right of the defendant to object to this forum as inconvenient. The court is further of opinion that this is an inconvenient forum for the parties, particularly the defendant, and for the witnesses, and that it will be in the interest of justice to transfer the case to a more convenient forum.

The note to Title 28 U.S.C.A. § 1404 indicates that that section is designed to have application to a situation such as that presented in the case at bar. That section provides as follows:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The reviser's note, referred to, is as follows:

"Subsection (a) was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the venue is proper. As an example of the need of such a provision, see Baltimore & Ohio R. Co. v. Kepner, 1941, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222, which was prosecuted under the Federal Employers' Liability Act [45 U.S.C.A. § 51 et seq.] in New York, although the accident occurred and the employee resided in Ohio. The new subsection requires the court to determine that the transfer is necessary for convenience of the parties and witnesses, and, further, that it is in the interest of justice to do so."

. From the papers before the court, it seems that some district and division in the

state of Arkansas would be the most convenient forum for the parties and witnesses. The plaintiff may, within ten (10) days from this date, file, in writing, in the office of the clerk of this court a designation of a district and division in the State of Arkansas to which this case may be transferred. The district and division to be designated shall, of course, be a district and division where the case might have been brought. If such designation is filed within the time limited there may be an order transferring this case to the district and division designated; otherwise, the action will be dismissed for want of prosecution.

### Supplemental Opinion.

Within the ten-day period limited in the memorandum filed by the court on October 4, 1948, the parties simultaneously presented motions. The plaintiff moved the court to dismiss the cause without prejudice. The defendant moved the court to transfer the cause to the United States District Court for the Eastern District of Arkansas, Western Division.

Rule 41 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides:

"(a) Voluntary Dismissal: Effect Thereof.

"(1) By Plaintiff; by stipulation. Subject to the provisions of Rule 23(c), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

"(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. * * * Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

The plaintiff has moved the court to dismiss the cause and, therefore, should, it is assumed, be held to be proceeding under Rule 41(a) (2). But, upon consideration of the question as to what "terms and conditions" should be imposed on the dismissal, it is proper that the court consider the terms of Rule 41(a) (1). No answer has been filed in this case, neither has a motion for summary judgment been filed. Therefore, the plaintiff probably had the right to file a notice of dismissal under Rule 41(a) (1). Since he had this right, it seems to the court that "terms and conditions" should not be imposed upon the dismissal. Accordingly, the motion of the plaintiff to dismiss without prejudice, at plaintiff's costs, will be granted. An order to that effect has this day been made.