**AMERICAN CYANAMID COMPANY,**
Appellant,

v.

**Robert A. McGHEE, Appellee.**

No. 19538.

United States Court of Appeals
Fifth Circuit.

May 8, 1963.

A. Lee Bradford, Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, Fla., for appellant.

Fred Patrox, Miami, Fla., for appellee.

Before JONES and BELL, Circuit Judges, and CARSWELL, District Judge.

CARSWELL, District Judge.

Appellant, defendant below, seeks review of the trial court's order fixing terms and conditions of dismissal of a negligence action. The single issue here is whether a voluntary dismissal by *order* of court after an initial voluntary dismissal of the same suit by *notice* in a state court bars the filing of a third suit in federal court under the provisions of Rule 41(a), Federal Rules of Civil Procedure.[1]

The short record shows that Robert A. McGhee, as plaintiff, filed a suit in the Circuit Court of Dade County, Florida, against Lederle Laboratories, Inc., a Delaware corporation, and against American Cyanamid Company, charging that a poliomyelitis vaccine, manufactured, tested and distributed by them, was harmful to persons who consumed it and caused a partial paralysis of the plaintiff. Plaintiff took an order voluntarily dismissing this first suit without prejudice pursuant to Rule 1.35(a) (1), Florida Rules of Civil Procedure 30 F.S.A.[2]

1. Rule 41(a) provides:

"(a) *Voluntary Dismissal; Effect Thereof*

"(1) *By Plaintiff; By Stipulation.* Subject to the provisions of Rule 23(c), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim. As amended Dec. 27, 1946, effective March 19, 1948.

"(2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

2. "Rule 1.35. Dismissal of Actions

"(a) *Voluntary Dismissal; Effect Thereof*

"(1) *By Plaintiff; By Stipulation.* Subject to the provisions "hereof, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before serv-

Thereafter, plaintiff filed a suit in the United States District Court for the Southern District of Florida against defendant, American Cyanamid Company, a Maine corporation, doing business as Lederle Laboratories, Inc., alleging that the vaccine caused or contributed to paralysis suffered by plaintiff.

The suit in the United States District Court came on for trial on the amended complaint and answer. As the jury was about to be called to the box, the plaintiff announced to the court that he was unable to proceed due to the absence of an important witness, and moved for dismissal under Rule 41(a) (2), Federal Rules of Civil Procedure. The court dismissed the suit but reserved ruling whether the dismissal was with or without prejudice and reserved ruling on other conditions which might be fixed to the dismissal.

After briefs were filed and considered, the terms and conditions of the dismissal were established by the court. It ordered that the dismissal which was previously entered " * * * be without prejudice to the right of the plaintiff to refile another suit based upon the same claim. * * *," however, the plaintiff's right to refile was conditioned upon prior payment to the defendant for costs and reasonable attorney's fee. It is from this order that the defendant appeals.

We are, therefore, directly concerned here with voluntary dismissal by order of court only entered under Rule 41(a) (2), but appellant says the language of Rule 41(a) (1) which limits voluntary dismissals by notice is applicable to voluntary dismissals granted by the court. This requires examination of both sections of the rule.

Voluntary dismissal of civil actions in federal courts is governed by Rule 41(a), Federal Rules of Civil Procedure. Within this Rule there are three separate and distinct methods of voluntarily dismissing a suit. The first and second methods are covered by Rule 41(a) (1) which provides for a dismissal by *notice*, and dismissal by stipulation of the parties. The third method is found in Rule 41(a) (2) which provides for a dismissal by *order* of court upon such condition as the court considers just.

Rule 41(a) (1) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a *notice* of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing. But this quick and ready tool may be used once, and only once, if clear consequences are to be avoided. A second notice of dismissal not only closes the file, it also closes the case with prejudice to the bringing of another.

The reason for this arbitrary limitation, pointed out in numerous decisions, is to prevent unreasonable abuse and harassment.[3]

Under the facts of this case, however, Rule 41(a) (1) was not available to plaintiff-appellee at all to accomplish a dismissal. Here the defendant had answered and the case had proceeded to actual trial stage. Plaintiff had no right

---

ice by the adverse party of an answer or of a motion for summary judgment or decree, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal shall be without prejudice, except

that a dismissal shall operate as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this State an action based on or including the same claim."

**3.** Moore's Federal Practice, Vol. 5, Sec. 41.04, page 1014.

to close the file by leaving with the clerk a paper dubbed "notice of dismissal." His only recourse was to move for an order of court under 41(a) (2). In doing so, he, as any such movant, had to take all the consequences of his action, including the possibility that the court would dismiss with prejudice to his bringing a third suit.

The thrust of appellant's attack here is that there was no power in the district court to dismiss under any conditions short of barring a third subsequent suit, since this was a second voluntary dismissal and, as such, "operates as an adjudication upon the merits * * *" under 41(a) (1). No precedent for this contention has been cited or discovered. A motion for an order of court under 41(a) (2), under this argument, is purely perfunctory, and the court's order is *pro forma* only.

■ In sustaining the district court in its determination that this case be dismissed without prejudice, we hold that Rule 41(a) (1) does not impose an arbitrary limitation on the court's action taken under Rule 41(a) (2). We can read no two dismissal rule into 41(a) (2). By its very language 41(a) (2) gives the court power to grant or deny a motion made under the rule and "upon such terms and conditions as the court deems proper." Here the court has an express judicial function to perform. All of the concepts and processes of judicial determination are brought into play. The merits of each motion must be considered and a ruling made by the court. There is no language under this section which pre-ordains the ultimate judicial decision on a motion made under its terms. This, to us, is not akin to the automatic consequences laid down for dismissals by notice under 41(a) (1). Rather than restricting the judicial function as is done under 41(a) (1), dismissals by the court on motion under 41(a) (2) plainly puts upon the court a definite duty to perform: to grant or deny the motion, and to establish "such terms and conditions as the court deems proper." [4]

It does not follow that there is no limit at all on the number of such dismissals even by court order. While there is no precise digital answer, the mere repetition of such occurrence may, in and of itself, become so oppressively prejudicial as to require the sound conclusion that even once more is too much. This along with countless elements, traditionally called upon to underpin our concepts of reasonableness and fairness, goes into the process of sound discretion of the trial court, as 41(a) (2) says, "as the court deems proper." [5]

Here the trial judge deemed it proper that plaintiff bear the cost of the cancellation by paying his adversary's expenses plus a reasonable attorney's fee, but he also deemed it proper that plaintiff be allowed to bring yet another suit upon making such payment.

■ We do not find these terms so harsh, arbitrary or unreasonable that they equate with plain error as a clear abuse of discretion. It is noted especially that there is no claim here that the trial judge abused in his discretion. Indeed, there is no suggestion in the record that appellee's motion to dismiss was compelled by anything except the unanticipated loss of an important witness.

The action of the District Court is

Affirmed.

---

4. See Moore's Manual, Federal Practice & Procedure, James Wm. Moore and Allan D. Vestal (1962) Page 1400, § 1907 (1):

"The Court in dismissing under Rule 41(a) (2) should weigh the equities and make a decision which seems fairest under all the circumstances."

5. Harvey Aluminum, Inc. v. American Cyanamid Co., 2 Cir., 203 F.2d 105; Engelhardt v. Bell and Howell Corp., 8 Cir., 299 F.2d 480; Barron and Holtzoff, Federal Practice and Procedure, Vol. 2B, pages 130–134.