Martin SANCHEZ, Adm., et al.

v.

VAUGHN CORPORATION.

Civ. A. No. 65-602-C.

United States District Court
D. Massachusetts.

April 12, 1968.

Sherman E. Fein, Guy R. Peznola, Fein, Cavanaugh & Kimball, Efrem A. Gordon, Springfield, Mass., for plaintiffs.

Robert N. Daley, William A. Cotter, Jr., Parker, Coulter, Daley & White, Boston, Mass., for defendant.

### MEMORANDUM and ORDER

CAFFREY, District Judge.

This matter came before the Court upon the basis of defendant's motion to vacate court order allowing plaintiffs' withdrawal of dismissal. It appears from the papers on file that this action was commenced by the filing of a complaint on August 20, 1965 against defendant Western Massachusetts Electric Company. Defendant Vaughn was added as a party defendant by the filing of an amended complaint on June 1, 1967. On October 24, 1967, plaintiffs filed herein a document captioned "Motion to Dismiss and to Strike Amended Complaint," which reads as follows:

"The Plaintiffs move that the action brought by amendment as to the Vaughn Corporation be dismissed

without prejudice and that the Amended Complaint filed herein be stricken.

And in support thereof, Plaintiffs say that as of the date of filing hereof the said Defendant Vaughn Corporation has not answered said Amended Complaint, and would not, therefore, be prejudiced hereby and that by striking the Amended Complaint the pleadings filed in this action would thereby be in order with respect to the action pending between the Plaintiffs and Western Massachusetts Electric Company."

No action was ever taken on this "motion."

On January 29, 1968, the plaintiffs filed a motion for leave to withdraw plaintiffs' motion to dismiss defendant Vaughn Corporation. This motion was allowed *ex parte* by the Court on January 30, 1968.

On February 12, 1968, an agreement for judgment for the defendant Western Massachusetts Electric Company was filed, leaving Vaughn Corporation as the sole remaining party defendant.

When the case was reached for trial on Monday, March 4, 1968, counsel for Vaughn brought to the Court's attention for the first time the above-recited facts, and advised the Court that a motion would be filed seeking to vacate the Court's order of January 30, 1968, on the ground that the so-called "Motion to Dismiss and to Strike Amended Complaint," filed by plaintiffs on October 24, 1967, was, in fact, a notice of dismissal despite the fact that it was captioned "Motion." On March 8, 1968, as promised by counsel, defendant Vaughn filed a motion to vacate the order of January 30. The motion assigned as grounds therefor that "pursuant to Rule 41 [a] (1), Federal Rules of Civil Procedure, this matter went to judgment upon the filing by the plaintiffs of the discontinuance as to the Vaughn Corporation."

An examination of the record of this case indicates that on October 24, 1967 when plaintiffs filed the document in question, no answer, motion for summary judgment, or any other responsive pleading had been filed by or on behalf of Vaughn in response to the amended complaint which added Vaughn as a party to this case. Thus it follows that the effect of this document is to be determined by Rule 41(a) (1) of the Federal Rules of Civil Procedure, rather than by Rule 41(a) (2). The pertinent portion of Rule 41(a) (1) reads as follows:

" * * * Subject to the provisions of Rule 23(c) of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff *without order of the court* (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs * * * "

■ I rule that the document filed by plaintiffs on October 24, 1967 was a notice of dismissal within the meaning of Rule 41(a) (1). Its effect was to terminate the litigation without prejudice and without any action whatsoever by this Court. The effect thereof is described as follows by the Court of Appeals for the Fifth Circuit in American Cyanamid Co. v. McGhee, 317 F.2d 295, at p. 297 (1963):

"Rule 41(a) (1) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a *notice* of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing. But this quick and ready tool may be used once, and only once, if clear consequences are to be avoided. A second notice of dismissal not only closes the

file, it also closes the case with prejudice to the bringing of another."

It should be noted that the fact that plaintiffs captioned the document "Motion" rather than "Notice" is without legal significance. As stated in Wilson & Company v. Fremont Cake & Meal Company, 83 F.Supp. 900, 903 (D.C.Neb. 1949),

> "That the plaintiff denominated it a 'motion' does not alter its actual character. It is its content, not its label that matters. And, by the unmistakable mandate of Rule 41(a) (1) it is self executing 'without order of court'."

Consequently, the motion of defendant Vaughn Corporation is allowed, and it is

Ordered: complaint dismissed.