Terry J. MILLER et al., Appellants,

v.

Fred M. WILKES, Appellee.

No. 1559.

Supreme Court of Alaska.

April 28, 1972.

James H. Lack, Anchorage, for appellants.

Warren W. Matthews, Jr., Matthews, Dunn & Baily, Anchorage, for appellee.

Before BONEY, C. J., and RABINO-WITZ, CONNOR and ERWIN, JJ.

## OPINION

BONEY, Chief Justice.

Plaintiff-appellant Miller appeals from an order granting defendant-appellee Wilkes $500.00 in attorney fees.

Miller filed suit against Wilkes on August 11, 1970, alleging an oral agreement for the sale of an interest in certain real property. Miller sought and obtained, on August 12, 1970, a temporary order restraining Wilkes from conveying his interest in the property in question. Six days later, that order was dissolved.

Miller also moved for a preliminary injunction. Hearings were scheduled, but frequently continued, and never held. Wilkes filed a memorandum in opposition to the preliminary injunction and an affidavit.

On June 28, 1971, Miller filed a voluntary dismissal of his suit. Wilkes immediately moved for attorney fees and his motion was granted. Miller moved for reconsideration, but on July 28, 1971, an order was entered awarding Wilkes $500.00 in attorney fees.

■ The sole issue raised on this appeal is the propriety of awarding attorney fees in the circumstances of this case.

Alaska Rule of Civil Procedure 41(a) (1) provides in pertinent part that:

[A]n action may be dismissed by the plaintiff without order of court [a] by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or [b] by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this state, or of any other state, or in any court of the United States, based on or including the same claim.

Miller argues that the effect of a timely filing of a notice of dismissal pursuant to Rule 41(a) (1) [a] is to deprive the court of jurisdiction to take any further action on the matter. Miller concludes that the court can thereafter enter no judgment either for or against a plaintiff. While there is authority for this view,[1] several federal courts have specifically rejected the notion that only an answer or a summary judgment can terminate the plaintiff's right to dismiss by notice.

■ The primary purpose of Rule 41 (a) (1) is to "allow the plaintiff to dismiss as of right *before issue has been joined* . . . ."[2] Where issue has been joined by means other than those specified in Rule 41(a) (1), that purpose dictates that the plaintiff's right to dismiss by notice be nonetheless terminated.[3] Not every action by the defendant cuts off the plaintiff's right;[4] only those actions which would require the court to consider the merits of the controversy or which involve consider-

1. 5 J. Moore, Federal Practice § 41.02 [2], at 1021–1022 (2d ed. 1971) ; 9 C. Wright and A. Miller, Federal Practice and Procedure § 2366, at 176–177 (1971) ; Miller v. Reddin, 422 F.2d 1264 (9th Cir. 1970) ; Hyde Constr. Co. v. Koehring Co., 388 F.2d 501 (10th Cir. 1968) ; American Cyanamid Co. v. McGhee, 317 F.2d 295 (5th Cir. 1963) ; Bryan v. Smith, 174 F.2d 212 (7th Cir. 1949). *But see* White v. Thompson, 80 F.Supp. 411 (N.D. Ill.1948).

2. 5 J. Moore § 41.02 [3], at 1028 (2d ed. 1971) (emphasis in original).

3. Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105 (2d Cir.), cert. denied, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953). Butler v. Denton, 150 F.2d 687 (10th Cir. 1945) ; Love v. Silas Mason Co., 66 F.Supp. 753 (W.D.La. 1946).

4. With one possible exception for motions accompanied by affidavits regarding mat-

ter outside the pleadings, Tele-Views News Co. v. S.R.B. TV Publishing Co., 28 F.R.D. 303 (E.D.Pa.1961), motions to dismiss do not terminate the plaintiff's right. *Compare* Miller v. Reddin, 422 F.2d 1264 (9th Cir. 1970) ; Pennsylvania R. Co. v. Daoust Constr. Co., 193 F.2d 659 (7th Cir. 1952) ; Terry v. Pearlman, 42 F.R.D. 335 (D.C.Mass.1967) ; *and* Sachs v. Italia Societa Anonima Di Navigazione, 30 F. Supp. 442 (S.D.N.Y.1940) : *with* Robertson v. Limestone Mfg. Co., 20 F.R.D. 365 (W.D.S.C.1957). Neither does a motion for a stay ; Wilson & Co. v. Fremont Cake & Meal Co., 83 F.Supp. 900 (D.Neb. 1949) ; Rife v. McElwee-Courbis Constr. Co., 16 F.R.D. 11 (M.D.Pa.1954) ; nor does a motion for a change of venue under 28 U.S.C. § 1404(a) ; Littman v. Bache & Co., 252 F.2d 479 (2d Cir. 1958) ; Toulmin v. Industrial Metal Protectives, Inc., 135 F.Supp. 925 (D.Del.1955) ; *see also* White v. Thompson, 80 F.Supp. 411 (N.D.Ill.1948).

able expense and effort on the part of defendant suffice.[5]

While no answer or motion for summary judgment was ever filed, Wilkes did file a "Memorandum in Opposition to Amended Motion for Preliminary Injunction or Alternative Relief" and an "Affidavit of Fred M. Wilkes." The affidavit denies several of the factual allegations of Miller. The memorandum raises four defenses: one based on the Statute of Frauds, two relating to indispensable parties, and one procedural. In many respects then the memorandum and affidavit taken together resemble an answer. A temporary restraining order was granted but subsequently dissolved. Miller moved for a preliminary injunction. While dates for a hearing were set several times, no hearing was ever held. The fact that no hearing was ever held is, however, irrelevant. A motion for a preliminary injunction puts the merits of the controversy in issue: in considering the motion the trial court would have to determine the likelihood of success. The memorandum and affidavit together serve as an "answer" to the motion for a preliminary injunction. As such, they are tantamount to an "answer" for purposes of Rule 41(a) (1) and should terminate the plaintiff's right to dismiss the action by notice. The trial court could therefore properly have considered the notice as a motion for dismissal and was within its powers in awarding costs.[6]

The trial court, in awarding costs and attorney fees, was well within its discretion under Rule 82(a) (1), which provides in part that:

> Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount.

The judgment is therefore affirmed.[7]

BOOCHEVER, J., not participating.

---

5. We also note that where the court concludes that adherence to Rule 41(a) (1) would work an injustice, that rule may be relaxed pursuant to Rule 94, which provides that:

> These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice.

6. *Cf.* White v. Thompson, 80 F.Supp. 411 (N.D.Ill.1948).

7. Rule 41(d), which Miller argues contemplates that costs will not have been awarded in a prior action, provides:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

We need not discuss this argument, for we consider it unfounded. *See* 5 J. Moore, Federal Practice § 41.16, at 1193 (1971).

Furthermore, we need not consider Miller's argument that there was no prevailing party for purposes of Rule 82 to whom costs and attorney fees could be awarded because he had voluntarily dismissed without prejudice. In our recent decision in Hart v. Wolff, 489 P.2d 114, 119 (Alaska 1971) (footnote omitted), we disposed of a similar argument as follows:

> We hold that even though there had not been a final determination on the merits in this case, [the defendant] clearly was the prevailing party and as such was entitled to attorney's fees as costs.

*Accord*, Nordin Const. Co. v. City of Nome, 489 P.2d 455, 474 (Alaska 1971).