**R. A. DAVENNY & ASSOCIATES, INC.,**
**Petitioner,**

v.

**SHINJIN MOTOR SALES COMPANY, LTD.,**
**Respondent.**

**No. 2411.**

Supreme Court of Alaska.

April 11, 1975.

41. Downum v. United States, 372 U.S. 734, 738, 83 S.Ct. 1033, 1035, 10 L.Ed.2d 100, 104 (1963).

William H. Bittner, Birch, Jermain, Harton & Bittner, Anchorage, for petitioner.

James N. Wanamaker, Wanamaker & DeVeaux, Anchorage, for respondent.

## OPINION

Before RABINOWITZ, C. J., CONNOR, BOOCHEVER and FITZGERALD, JJ., and DIMOND, J. Pro Tem.

RABINOWITZ, Chief Justice.

This review proceeding raises issues concerning Civil Rule 41(a)(1)[a] which provides for voluntary dismissal of an action.

On October 23, 1974, petitioner instituted an action against respondent alleging that respondent had wrongfully failed to file a termination statement pursuant to a security agreement.[1] On November 12, Wanamaker and DeVeaux entered an appearance as attorneys for respondent, and, on this same date, petitioner stipulated that respondent would have until December 19, 1974, to answer the complaint. Thereafter, on November 18, respondent filed a notice that the deposition of R. A. Davenny, an officer of petitioner, would be taken on December 4, 1974. On December 2, counsel for respondent declined to stipulate to taking Davenny's deposition at a later date.

At 1:48 p. m. on December 3, petitioner filed a Notice of Dismissal, pursuant to Civil Rule 41(a)(1)[a]. After this document had been filed and counsel for respondent notified of this fact, respondent, at 3:20 p. m. on the same day, filed an answer to petitioner's complaint. The next day, respondent filed objections to petitioner's notice of dismissal, and, after hearing oral argument, the superior court entered an order denying petitioner's Civil Rule 41(a)(1)[a] dismissal. The superior court based its denial on the grounds that petitioner had waived its right to a voluntary dismissal under Civil Rule 41(a)(1)[a] by virtue of the stipulation which it had entered into, allowing respondent additional time to file an answer.[2]

Civil Rule 41(a)(1)[a] provides:

Subject to the provisions of Rule 23(c) [dismissal of class actions], of Rule 66 [dismissal after appointment of receiver] and of any statute of the state, an action may be dismissed by the plaintiff without order of court . . . by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . .

In the case at bar, respondent had not served an answer or motion for summary judgment prior to the filing by petitioner of its notice of voluntary dismissal under Civil Rule 41(a)(1)[a]. Under Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure, which is virtually identical to Alaska's Civil Rule 41(a)(1)[a], a plaintiff has an absolute right to dismiss an action before service of an answer or of a motion for summary judgment. *See, e. g.,* Plains Growers, Inc. ex rel. Florists' Mutual Insurance Co. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 253 (5th Cir. 1973); American Cyanamid Co. v. McGhee, 317

---

1. AS 45.05.774(a) of Alaska's Uniform Commercial Code—Secured Transactions provides in part:

If there is no outstanding secured obligation and no commitment to make advances, incur obligations, or otherwise give value, the secured party must, on written demand by the debtor, send the debtor a statement that he no longer claims a security interest under the financing statement, which shall be identified by file number. . . .

2. The superior court's "Order Denying Requested Dismissal" reads in part as follows:

It is the finding of the Court that on or about November 12, 1974, counsel for plaintiff and counsel for defendant stipulated 'that the time for defendant to file answer in this case shall be extended until December 19, 1974,' which stipulation . . . will be given force and effect by this court to the extent that a unilateral dismissal of the action by plaintiff without stipulation of opposing counsel will not be granted under these circumstances . . . .

We note that petitioner in its brief states that the superior court additionally grounded its denial on "the fact that a deposition had been scheduled, though not taken, in the case."

F.2d 295, 297 (5th Cir. 1963); Littman v. Bache & Co., 252 F.2d 479 (2d Cir. 1958); 9 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2363, at 158–59 (1971); 5 J. Moore, Federal Practice ¶ 41.-02[2], at 1022, n. 4 (2d ed. 1974).[3]

Although some courts have not allowed the plaintiff to dismiss an action where a pleading other than an answer or a motion for summary judgment has joined issue,[4] or where the merits of the controversy have been placed before the court for decision,[5] we are of the view that neither exception is applicable in the instant case.

In our view, the Fifth Circuit's opinion in American Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963), contains a lucid explication of the law in the federal courts regarding Rule 41(a)(1) of the Federal Rules of Civil Procedure. There the court said:

> Rule 41(a)(1) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a *notice* of dismissal with the Clerk. That document closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right

running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing.

Our prior decision in Miller v. Wilkes, 496 P.2d 176 (Alaska 1972), is generally in accord with American Cyanamid Co. v. McGhee and prevailing federal law. In Miller v. Wilkes this court recognized that the primary purpose of Civil Rule 41(a)(1) is to allow plaintiff to dismiss as of right before issue has been joined. We observed that plaintiff's right to dismiss could be terminated where issue has been joined by means other than those specified in Rule 41(a)(1). More particularly, we said:

> Not every action by the defendant cuts off the plaintiff's right; only those actions which would require the court to consider the merits of the controversy or which involve considerable expense and effort on the part of defendant suffice.[6]

Thereafter, we went on to hold that defendant's memorandum and affidavit in response to the plaintiff's motion for a preliminary injunction placed "the merits of the controversy" at issue and thus precluded voluntary dismissal under Civil Rule 41(a)(1). The dicta in *Miller* regarding

3. In Professor Moore's treatise, it is stated that:
 > The purpose of the first sentence of Rule 41(a)(1) is to facilitate the voluntary dismissal of an action, but safeguard abuse of the right by limiting its application to an early stage of the proceedings.

 5 J. Moore, Federal Practice ¶ 41.02, at 1019 (2d ed. 1974) (footnote omitted).

4. In Butler v. Denton, 150 F.2d 687, 690 (10th Cir. 1945), dismissal was denied where service of a plea of intervention had tendered justiciable issues for determination.

5. Harvey Aluminum Inc. v. American Cyanamid Co., 203 F.2d 105, 108 (2d Cir. 1953). There plaintiff sought dismissal before answer or summary judgment motion, but there had been extensive hearings in which the merits of the litigation were raised. In these circumstances the court said:
 > Consequently, although the voluntary dismissal was attempted before any paper la-

 beled 'answer' or 'motion for summary judgment' was filed, a literal application of Rule 41(a)(1) to the present controversy would not be in accord with its essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been reached.

 Regarding the *Harvey Aluminum* case, Professors Wright and Miller observe that "[a]lthough the decision . . . reaches a sensible result, it was supported by very little precedent. And, though courts in subsequent cases have paid lip service to its principle that dismissal by notice is improper after the merits of the controversy have been reached, it has had very little progeny in terms of actual results." 9 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2363, at 157 (1971) (footnotes omitted).

6. Miller v. Wilkes, 496 P.2d 176, 177–78 (Alaska 1972).

"actions which involve considerable expense and effort on the part of defendant" was not essential to support the result in *Miller* and is hereby disapproved.[7]

 We therefore hold that, under Alaska Civil Rule 41(a)(1)[a], a plaintiff may dismiss his case, as of right, by merely filing a notice of dismissal before issue has been joined. Since petitioner filed its notice of dismissal prior to the service of an answer, a motion for summary judgment, or any other pleading or motion which would have required the trial court to consider the merits of the controversy, we conclude that the superior court erred in denying petitioner a dismissal.[8] By stipulating to grant respondent additional time to answer, petitioner did not waive its Civil Rule 41(a)(1)[a] right to dismiss its complaint.

Inherent in our disposition of this petition is our disapproval of the intimation originating in Miller v. Wilkes, 496 P.2d 176, 178 n. 5 (Alaska 1972), that voluntary dismissals under Alaska's Civil Rule 41(a)(1)[a] are within the discretion of the trial judge.[9]

Reversed.

ERWIN, J., not participating.

BOOCHEVER, J., concurring.

BOOCHEVER, Justice (concurring).

I concur in the majority opinion, but since this case does not involve a question where the defendant has gone to considerable expense and effort, I see no reason for our taking this occasion to disapprove of the dicta in Miller v. Wilkes.[1] I would prefer not to reach that issue. I can envision cases where the parties could stipulate to postponing the filing of an answer, yet go to a great deal of expense taking extensive depositions over a considerable period of time. I would rather leave open the question as to whether the plaintiff under those circumstances would be entitled to dismiss the action under Civil Rule 41(a)(1), or in the alternative, whether a court upon concluding that adherence to Rule 41(a)(1) would work an injustice may relax that rule pursuant to Civil Rule 94 which specifies:

These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice.

7. In the federal courts, a plaintiff's right to a Rule 41(a)(1) voluntary dismissal prior to defendant's answer or motion for summary judgment is preserved no matter how much time and expense defendant has incurred. *See*, e. g., Sheldon v. Amperex Electronic Corp., 52 F.R.D. 1 (E.D.N.Y.), aff'd per curiam, 449 F.2d 146 (2d Cir. 1971).

8. It has been held that even where a document meeting the requirements of Rule 41(a)(1) of the Federal Rules of Civil Procedure is captioned "motion" rather than "notice", it still effects dismissal of the complaint without any action of the court. Scam Instrument Corp. v. Control Data Corp., 458 F.2d 885 (7th Cir. 1972); Sanchez v. Vaughn Corp., 282 F.Supp. 505, 507 (D.Mass.1968); Wilson & Co. v. Fremont Cake & Meal Co., 83 F.Supp. 900, 903 (D.Neb.1949).

Professor Moore states that:
The dismissal is completely effective upon the filing of a written notice of dismissal. And it has been stated that an adverse party cannot avoid the effect of a dismissal without prejudice by answering after he has been notified that plaintiff intends to file a notice of dismissal.
5 J. Moore, Federal Practice ¶ 41.02[2], at 1022–23 (2d ed. 1974).

9. In Miller v. Wilkes, 496 P.2d 176, 178 n. 5 (Alaska 1972), we said:
We also note that where the court concludes that adherence to Rule 41(a)(1) would work an injustice, that rule may be relaxed pursuant to Rule 94 . . . .

1. 496 P.2d 176, 178 n. 5 (Alaska 1972).