**STATE of Alaska, Appellant,**

v.

**ALASKA INTERNATIONAL AIR, INC., Appellee.**

**No. 2808.**

Supreme Court of Alaska.

April 13, 1977.

Jonathan K. Tillinghast, Asst. Atty. Gen., Avrum M. Gross, Atty. Gen., Juneau, for appellant.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

BURKE, Justice.

This action comes to us on appeal from a lower court order awarding attorney's fees to appellee, Alaska International Air, after appellant, State of Alaska, dismissed its case pursuant to Rule 41(a)(1), Alaska Rules of Civil Procedure. It should be noted that appellee filed no brief in response to the State's appeal.

On May 2, 1975, appellant filed a five-count civil complaint in the Superior Court for the Fourth Judicial District, requesting

liquidated damages under AS 46.03.760(b) [1] for five oil spills allegedly caused by appellee in the Prudhoe Bay area. AIA filed neither an answer nor a motion for summary judgment. The appellant on December 1, 1975 noticed a voluntary dismissal of its action without prejudice under Rule 41(a)(1), Alaska Rules of Civil Procedure.[2] Subsequent to that notice, and upon AIA's motion, the lower court granted AIA $3,500.00 in attorney's fees. This appeal was taken from that award.

Contemporaneous with the filing of its complaint, appellant served upon AIA an initial set of interrogatories, requests for admission and requests for production of documents. The entire discovery request consumed less than five pages, and focused on such threshold matters as admissions of liability, identity of witnesses and the like. For a period of almost six months, AIA neither complied with the discovery requests nor sought a protective order under Civil Rule 26(c).[3]

On May 28, 1975, AIA filed a motion to dismiss the complaint for failure to state a claim on which relief could be granted. The motion was supported by a 1½ page memorandum. The memorandum, which contained no case authorities, argued, *inter alia,* that the complaint should be dismissed because (1) it alleged the discharge of oil, when the relevant statute proscribed only the discharge of petroleum products; (2) it alleged that AIA "allowed" the discharge of oil, when the statute proscribed only the "causing or permitting" of the discharge; and (3) in any event, AS 46.03.760(b) "is unconstitutional on its face." AIA did not identify which constitution, nor which provisions thereof, were being violated by the statute.

On July 1, 1975, appellant, pursuant to Rule 37(a), Alaska Rules of Civil Procedure,[4] filed a motion to compel a re-

1. AS 46.03.760 provides in pertinent part:
 *Pollution penalties.* (a) A person who violates §§ 710, 730, 740, or 750 of this chapter is guilty of a misdemeanor and upon conviction is punishable by a fine of not more than $25,000, or by imprisonment for not more than one year, or by both. Each unlawful act constitutes a separate offense.
 (b) In addition to the penalties provided in (a) of this section a person who violates §§ 740–750 of this chapter is liable, in a civil action, to the state for liquidated damages to be assessed by the court for an amount not less than $5,000 nor more than $100,000, depending on the severity of the violation.

2. Rule 41(a)(1), Alaska Rules of Civil Procedure provides in pertinent part:
 Subject to the provisions of Rule 23(c), of Rule 66 and of any statute of the state, an action may be dismissed by the plaintiff without order of court [a] by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . . Unless otherwise stated in the notice of dismissal . . . the dismissal is without prejudice . . . .

3. Rule 26(c), Alaska Rules of Civil Procedure, provides:
 (c) *Protective Orders.* Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the judicial district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2)that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.
 If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

4. Rule 37(a) provides:
 (a) *Motion for Order Compelling Discovery.* A party, upon reasonable notice to

sponse to its yet unanswered discovery requests, and to award appellant expenses in bringing the motion. On September 22, 1975, the lower court granted appellant's motion to compel discovery and awarded appellant $500.00 in attorney's fees. The order, however, required compliance with the discovery requests by a date which had already passed—August 29, 1975. On or about September 25th, the court corrected its error and served the amended order upon all counsel the same day. The amended order required compliance by October 10, 1975.

The October 10th deadline expired without compliance by AIA. On October 14, 1975, appellant moved, pursuant to Civil Rule 37(b)(2)(C),[5] for judgment by default for failure to comply with the lower court's discovery order. On October 16th, AIA served upon appellant documents in response to appellant's May 2, 1975 request for production. On October 23rd, AIA responded to appellant's May 2nd interrogatories and requests for admissions.

AIA opposed the motion for entry of default judgment on the ground that its failure to comply with the court's order compelling discovery, and its lack of response to appellant's discovery requests, were due to excusable neglect. On November 28, 1975, the lower court denied appellant's motion for default judgment.

On December 1, 1975, appellant filed a notice of voluntary dismissal without prejudice pursuant to Civil Rule 41(a)(1). The

---

other parties and all persons affected thereby, may apply for an order compelling discovery as follows:

(1) *Appropriate Court.* An application for an order to a party may be made to the court in which the action is pending, or, on matters relating to a deposition, to the court in the judicial district where the deposition is being taken. An application for an order to a deponent who is not a party shall be made to the court in the judicial district where the deposition is being taken.

(2) *Motion.* If a deponent fails to answer a question propounded or submitted under Rule 30 or 31, or a corporation or other entity fails to make a designation under Rules 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before he applies for an order.

If the court denies the motion in whole or in part, it may make such protective order as it would have been empowered to make on a motion made pursuant to Rule 26(c).

(3) *Evasive or Incomplete Answer.* For purposes of this subdivision an evasive or incomplete answer is to be treated as a failure to answer.

(4) *Award of Expenses of Motion.* If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

5. Rule 37(b)(2)(C), Alaska Rules of Civil Procedure provides in pertinent part:

If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

\* \* \* \* \* \*

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party . . . ..

case was dismissed because the passage of time had made witnesses unavailable. The alleged oil spills occurred in connection with construction of the Trans-Alaska pipeline, and persons involved shared the transient nature of most pipeline personnel, making production of witnesses difficult.

On December 17, 1975, AIA moved for an award of attorney fees, contending that it was the prevailing party under Civil Rule 82(a).[6] On January 28, 1976, the lower court awarded AIA $3,500.00 for all legal work allegedly devoted to the case by Mr. Cole. The court ruled that, although "the case has never really been at issue," nonetheless "there is no question that [AIA] is the prevailing party."

 In Alaska, the basic structure with respect to the awarding of attorney's fees is set forth in Civil Rule 82 which provides for the awarding of attorney's fees to the prevailing party. The prevailing party has been defined as the one who is successful on the main issues in a case. *Cooper v. Carlson,* 511 P.2d 1305, 1308 (Alaska 1973). The power to award costs and attorney's fees lies within the discretion of the trial courts and will not be interfered with unless there is a clear abuse of discretion. *Adoption of V.M.C.,* 528 P.2d 788, 795 (Alaska 1974).

Given this framework, the state argues, citing *R. A. Davenny & Associates, Inc. v. Shinjin Motor Sales Company, Ltd.,* 533 P.2d 1112 (Alaska 1975), that the lower court erred in awarding attorney's fees to AIA after the state dismissed its case pursuant to Civil Rule 41(a)(1). The thrust of the state's argument is that the mere filing of the notice of dismissal under the rule terminates the litigation. This court initially answered such a contention in *Miller v. Wilkes,* 496 P.2d 176 (Alaska 1972). *Miller* involved a suit wherein the plaintiff alleged an oral agreement for the sale of an interest in real property. Miller sought and obtained a temporary order restraining Wilkes from conveying his interest in the property. After dissolution of the temporary order, Miller moved for a preliminary injunction. Hearings were scheduled, frequently continued, and never held. Wilkes filed a memorandum in opposition to the preliminary injunction which raised four defenses, and also an affidavit which denied several factual allegations of the plaintiff. Subsequently, Miller filed a voluntary dismissal of his suit. Wilkes immediately moved for attorney's fees and his motion was granted. Miller moved for reconsideration but an order was entered awarding Wilkes $500.00 in attorney's fees.

This court, while noting that there is authority for the proposition that a notice of dismissal pursuant to Civil Rule 41(a)(1)[a] deprives a court of jurisdiction to take any further action on a particular matter,[7] held for the broader view that:

> The primary purpose of Rule 41(a)(1) is to 'allow the plaintiff to dismiss as of

---

**6.** Rule 82(a) Alaska Rules of Civil Procedure, provides:

(a) *Allowance to Prevailing Party as Costs.*
(1) Unless the court, in its discretion, otherwise directs, the following schedule of attorney's fees will be adhered to in fixing such fees for the party recovering any money judgment therein, as part of the costs of the action allowed by law:

ATTORNEY'S FEES IN AVERAGE CASES

| | Contested | Without Trial | Non-Contested |
|---|---|---|---|
| First $2,000 | 25% | 20% | 15% |
| Next $3,000 | 20% | 15% | 12.5% |
| Next $5,000 | 15% | 12.5% | 10% |
| Over $10,000 | 10% | 7.5% | 5% |

Should no recovery be had, attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount.
(2) In actions where the money judgment is not an accurate criteria for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered.
(3) The allowance of attorney's fees by the court in conformance with the foregoing schedule is not to be construed as fixing the fees between attorney and client.

**7.** 496 P.2d at 177, n. 1, citing: 5 J. Moore, Federal Practice § 41.02[2], at 1021–1022 (2d ed. 1971); 9 C. Wright and A. Miller, Federal Practice and Procedure § 2366, at 176–177 (1971); *Miller v. Reddin,* 422 F.2d 1264 (9th Cir. 1970); *Hyde Constr. Co. v. Koehring Co.,* 388 F.2d 501 (10th Cir. 1968); *American Cyanamid Co. v. McGhee,* 317 F.2d 295 (5th Cir. 1963); *Bryan v. Smith,* 174 F.2d 212 (7th Cir. 1949). *But see White v. Thompson,* 80 F.Supp. 411 (N.D.Ill.1948).

right *before issue has been joined.* . . .' Where issue has been joined by means other than those specified in Rule 41(a)(1) that purpose dictates that the plaintiffs' right to dismiss by notice be nonetheless terminated. Not every action by the defendant cuts off the plaintiff's right; only those actions which would require the court to consider the merits of the controversy or which involve considerable expense and effort on the part of the defendant suffice. 496 P.2d at 177–78. (footnotes omitted, emphasis in original)

In *R. A. Davenny & Assoc., Inc. v. Shinjin Motor Sales Company, Ltd.,* 533 P.2d 1112 (Alaska 1975) we were again called upon to decide the applicability of Civil Rule 41(a)(1) as a cut off mechanism to a civil action. In *Shinjin,* the plaintiff, R. A. Davenny, instituted an action on October 23, 1974 against the defendant, Shinjin alleging that Shinjin had wrongfully failed to file a termination statement pursuant to a security agreement.[8] On November 12, Wanamaker and DeVeaux entered an appearance as attorneys for Shinjin, and, on this same date, the plaintiff agreed to allow the defendant until December 19, 1974 to answer the complaint. Thereafter, on November 18, 1974, Shinjin filed a notice that the deposition of R. A. Davenny would be taken on December 4, 1974. On December 2, 1974 Shinjin's counsel declined to stipulate to a postponement of Davenny's deposition. The following day Davenny filed a notice of dismissal pursuant to Civil Rule 41(a)(1)[a]. After this notice had been filed, Shinjin, later that same afternoon, filed an answer to Davenny's complaint. On December 4,

Shinjin filed objections to the notice of dismissal. The superior court, after a hearing, denied the plaintiff's Civil Rule 41(a)(1)[a] dismissal. The superior court's decision was predicated on the grounds that the plaintiff had waived its right to a voluntary dismissal under Civil Rule 41(a)(1)[a] by virtue of the stipulation which it had entered into with the defendant.

After holding that a stipulation extending time does not waive a plaintiff's right to dismiss an action pursuant to Civil Rule 41(a)(1)[a], 533 P.2d at 1114, this court further refined the *Miller v. Wilkes* rule by stating:

> [t]he dicta in *Miller* regarding 'actions which involve considerable expense and effort on the part of defendant' was not essential to support the result in *Miller* and is hereby disapproved. (footnote omitted)

Given these guidelines, the question is whether the issue in this particular litigation was joined.[9] In beginning our analysis we must look to the actions of appellee to ascertain if its efforts rose to the functional equivalent of an answer. After review of the record, we can find no action that would rise to the *Miller-Davenny* standard and serve to join the issue before the court. AIA's motion to dismiss is so sparse as to prove frivolous. Civil Rule 77(b)(2) states:

> (b) There shall be served and filed with the motion:
>
> * * * * * *
>
> (2) A brief, complete written statement of the reasons in support of the motion, which shall include a memoran-

---

8. AS 45.05.774(a) of Alaska's Uniform Commercial Code—Secured Transactions provides in part:

> If there is no outstanding secured obligation and no commitment to make advances, incur obligations, or otherwise give value, the secured party must, on written demand by the debtor, send the debtor a statement that he no longer claims a security interest under the financing statement, which shall be identified by file number. . . .

9. In *Miller,* 496 P.2d 176, 178, this court stated in finding the facts sufficient for joinder of the issue that

A motion for a preliminary injunction puts the merits of the controversy in issue; in considering the motion the trial court would have to determine the likelihood of success. The memorandum and affidavit together serve as an 'answer' to the motion for a preliminary injunction. As such, they are tantamount to an 'answer' for purposes of Rule 41(a)(1) and should terminate the plaintiff's right to dismiss the action by notice. The trial court could therefore properly have considered the notice as a motion for dismissal and was within its powers in awarding costs. (footnote omitted) 496 P.2d at 178.

dum of the points and authorities upon which the moving party will rely;

 . . ..

In support of its motion to dismiss for failure to state a claim on which relief could be granted, AIA filed in support thereof a 1½ page memorandum. This memorandum was devoid of any authorities and merely raised three somewhat dubious issues:

1. The semantic point that the complaint only alleged that appellee "allowed" the discharge of oil, when the statute proscribed "causing or permitting" of discharge:

2. The fact that the complaint alleged the discharge of "oil," when the statute proscribed only the discharge of "petroleum products;" and

3. The unsupported statement that "AS 46.03.760(b) is unconstitutional on its face."

██ With the plaintiff's utilization of the cutoff mechanism embodied in Civil Rule 41(a)(1)[a], prior to service of an answer, a motion for summary judgment, or any other pleading or motion that would have required the trial court to consider the merits of the controversy, the action was terminated. *R. A. Davenny & Assoc., Inc. v. Shinjin Motor Sales Company, Ltd.,* 533 P.2d 1112, 1115 (Alaska 1975); *Miller v. Wilkes,* 496 P.2d 176, 177 (Alaska 1972). Without a joinder of issue no controversy developed out of which a prevailing party could emerge. See *Cooper v. Carlson,* 511 P.2d 1305, 1308 (Alaska 1973). The lack of a prevailing party therefore precludes an award of attorney's fees under Civil Rule 82(a). Consequently, we hold that the lower court erred in awarding AIA attorney's fees. We reverse the judgment below and remand for entry of zero attorney's fees.

REVERSED and REMANDED.