**SISTERS OF PROVIDENCE IN WASHINGTON, INC., d/b/a Providence Hospital, Appellant,**

v.

**Scott VAN LINDER, M.D., Appellee.**

**No. 6684.**

Supreme Court of Alaska.

May 20, 1983.

John A. Treptow, Atkinson, Conway, Bell & Gagnon, Anchorage, for appellant.

Louis R. Veerman, Ely, Guess & Rudd, Anchorage, for appellee.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

OPINION

BURKE, Chief Justice.

The issue in this appeal is whether the trial court had jurisdiction, after an action was dismissed as of right pursuant to Civil Rule 41(a)(1)[a], to enforce an interlocutory order entered prior to the dismissal.

---

On November 11, 1980, Dr. Van Linder's hospital privileges were suspended by Providence Hospital [hereinafter Providence]. Dr. Van Linder arranged an administrative hearing and requested that Providence allow him to be accompanied by his attorney at the hearing. The request was denied.

Dr. Van Linder subsequently filed a complaint against Providence, claiming a deprivation of his due process rights. He also filed a motion for a preliminary injunction, requesting that the court order Providence to reinstate him, or to comply with the requisite procedural safeguards in any future administrative hearing. Although the court refused to order Providence to reinstate Dr. Van Linder, the court did order Providence to allow him to be assisted by counsel at the hearing.

When Providence refused to comply with the court order, Dr. Van Linder submitted a renewed motion for preliminary injunction, and requested attorney's fees. The court granted the motion, and, on March 12, 1981, the court awarded Dr. Van Linder his attorney's fees incurred in making the renewed motion.[1]

On June 10, 1981, Dr. Van Linder filed an amended complaint. On June 22, 1981, Dr. Van Linder filed a notice of dismissal pursuant to Civil Rule 41(a)(1)[a]. Almost five months later, Dr. Van Linder moved to compel payment of the attorney's fees awarded on March 12, 1981. On January 22, 1982, the trial court entered a judgment directing Providence to comply with the order of March 12, 1981. Providence appeals, contending that the trial court lacked jurisdiction to enter the judgment.

Under Alaska Civil Rule 41(a)(1)[a],[2] a plaintiff may dismiss his case, as of right, by merely filing a notice of dismissal before the issue has been joined. *R.A. Davenny & Associates, Inc. v. Shinjin Motor Sales Co., Ltd.,* 533 P.2d 1112, 1115 (Alaska 1975); *Miller v. Wilkes,* 496 P.2d 176, 177 (Alaska 1972). "A dismissal without prejudice renders the proceedings a nullity and leaves the parties as if the action had never been brought." *Sherry v. Sherry,* 622 P.2d 960, 964 (Alaska 1981) (quotations omitted). Thus, no further proceedings in the action are proper, including a proceeding to enforce an interlocutory order made before dismissal. *See Bryan v. Smith,* 174 F.2d 212, 215 (7th Cir.1949); *Fair Share Organization v. Kroger Co.,* 132 Ind.App. 160, 176 N.E.2d 205, 211 (Ind.App.1961); *Roberts v. Osborne,* 339 S.W.2d 442, 443 (Ky.1960); 5 J. Moore, *Federal Practice* ¶ 41.02[2] at 41–30 (2d ed. 1982); 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2367 at 186 (1971). Clearly, if Dr. Van Linder's dismissal was effective under Civil Rule 41(a)(1)[a], the trial court did not have jurisdiction to enter judgment on January 22, 1982.[3]

The purpose of limiting the time in which a plaintiff can dismiss his action as of right is for the protection of the defendant. *See* 5 J. Moore, *Federal Practice* ¶ 41.02[1] (2d ed. 1982); 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2362 (1971). In the case at bar, neither the parties nor the trial court have claimed that Dr. Van Linder's notice of dismissal was ineffective. Indeed, defendant Providence urges this court to treat Dr. Van Linder's dismissal as completely effective, even though Providence acknowledges that Dr. Van Linder

1. Providence filed an appeal of this order. We were persuaded to dismiss the appeal by Van Linder's argument that the order was not a final judgment. *See* Alaska R.App.P. 202(a).

2. Alaska R.Civ.P. 41(a)(1) provides in pertinent part:
   Subject to the provisions of Rule 23(c), of Rule 66 and of any statute of the state, an action may be dismissed by the plaintiff without an order of the court: [a] by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs .... Unless otherwise stated in the notice of dismissal ... the dismissal is without prejudice ....

3. Arguably, a dismissal pursuant to Civil Rule 41(a)(1)[a] does not deprive a court of jurisdiction to enforce an order entered previously, if the order amounts to a final judgment. Because Van Linder has argued, prior to now, that the order in question was *not* a final judgment, we see no compelling reason to decide this issue in the case at bar. *See* note 1, *supra.*

arguably filed his notice of dismissal after the issue had been joined.[4]

Where the defendant does not object to the plaintiff's notice of dismissal, we will not question the validity of the dismissal. *Cf.* 5 J. Moore, *Federal Practice* ¶ 41.02(6) at 41–43 (2d ed. 1982) ("Where plaintiff's notice of voluntary dismissal under Rule 41(a)(1) is not disturbed by the trial court . . . , he has no standing to appeal.") (footnote omitted). We therefore find Dr. Van Linder's dismissal to have been effective.

Since Dr. Van Linder effectively dismissed his action on June 22, 1981, the trial court did not have jurisdiction to enter judgment on January 22, 1982.

The judgment of the superior court is REVERSED.

---

4. An issue is joined before the court if any pleading or motion filed by the defendant would require the court to consider the merits of the controversy. *See R.A. Davenny & Assoc., Inc. v. Shinjin Motor Sales Co., Ltd.,* 533 P.2d 1112, 1115 (Alaska 1975). Thus, a memorandum in opposition to plaintiff's motion for preliminary injunction can put the merits of the controversy in issue. *See Miller v. Wilkes,* 496 P.2d 176, 178 (Alaska 1972).