# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2020

Lyle W. Cayce
Clerk

No. 19-20163

Iron Thunderhorse,

*Plaintiff—Appellant*,

*versus*

Bryan Collier; Lorie Davis; Chaplain Rutledge; Laura Burgess,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-1720

Before Dennis, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Iron Thunderhorse, Texas prisoner # 00624391, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his civil suit under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act. The district court granted his motion to dismiss the complaint.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

However, while Thunderhorse requested voluntary dismissal without prejudice, the district court dismissed the case with prejudice.

By moving to proceed IFP, Thunderhorse is contesting the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); *see also* 28 U.S.C. § 1915(a)(3). Our inquiry is limited to whether the appeal "involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Thunderhorse argues that the district court wrongly found that he did not financially qualify as a pauper. However, the district court did not decide that Thunderhorse failed to prove his indigence. Rather, the district court found that the appeal was not taken in good faith because it did not present a nonfrivolous issue for appeal. To obtain leave to proceed IFP, he had to show both that he is impecunious and that the appeal is taken in good faith. *See Howard*, 707 F.2d at 220.

He additionally suggests that the district court's denial of IFP status prevented him from proceeding with an appeal or controlling the prosecution of his case. However, a finding that an inmate does not qualify for IFP status does not preclude him from accessing the courts, *see Norton v. Dimazana*, 122 F.3d 286, 290-91 (5th Cir. 1997), or implicate his ability to proceed pro se, *see* 28 U.S.C. § 1654.

Thunderhorse contests the district court's determination that his complaint should be dismissed with prejudice because he sought to reiterate claims that he raised in a prior proceeding. The district court found that Thunderhorse's request for voluntary dismissal operated as an adjudication on the merits.

The record supports that the pleading filed by Thunderhorse seeking the voluntary dismissal of his complaint was a motion under Federal Rule of

Civil Procedure 41(a)(2) rather than a notice of dismissal under Federal Rule of Civil Procedure 41(a)(1). However, it appears that the district court found that the case should be dismissed with prejudice under the "two-dismissal" rule of Rule 41(a)(1)(B), which does not apply to motions pursuant to Rule 41(a)(2). *See* FED. R. CIV. P. 41(a)(2); *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297-98 (5th Cir. 1963). While Rule 41(a)(2) gives the district court the discretion to convert a motion to dismiss without prejudice to a dismissal with prejudice, the dismissal may not rely on Rule 41(a)(1)(B), *see* FED. R. CIV. P. 41(a)(2); *Am. Cyanamid Co.*, 317 F.2d at 297-98, and the district court must allow the plaintiff the opportunity to retract his motion and to reject the condition of dismissal with prejudice, *see Bell v. Keystone RV Co.*, 628 F.3d 157, 163 n.4 (5th Cir. 2010).

Accordingly, the district court wrongly dismissed the case with prejudice by treating Thunderhorse's pleading as arising under Rule 41(a)(1) or incorrectly applying the "two-dismissal" rule to his Rule 41(a)(2) motion. His challenge to that dismissal presents a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. The record supports that he is financially eligible to proceed IFP. *See* § 1915(a)(1); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).

Thus, Thunderhorse's motion to proceed IFP is GRANTED. *See Baugh*, 117 F.3d at 202. Because the merits of the appeal are inextricably intertwined with the district court's certification decision, the judgment dismissing Thunderhorse's complaint with prejudice is VACATED. *See id.* We DISPENSE with additional briefing and REMAND the case to the district court for further proceedings.