641 F.2d 540
 Anthony M. GIOIA, Receiver of the Estate of North St. Louis
Hospital Association, Appellant,
v.
BLUE CROSS HOSPITAL SERVICE, INC. OF MISSOURI, and Greater
St. Louis Health Systems Agency, Appellees.
 No. 80-1003.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 9, 1980.
Filed Feb. 24, 1981.
 
 1
 Henry F. Luepke, Jr., Barry A. Short, Steven A. Muchnick, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, Mo., for appellant.
 
 
 2
 Robert F. Schlafly, Charles G. Siebert, Ann E. Buckley, Schlafly, Griesedieck, Ferrell & Toft, St. Louis, Mo., for appellee, Blue Cross Hospital Service, Inc. of Missouri.
 
 
 3
 Before HENLEY, Circuit Judge, McMILLIAN, Circuit Judge, and VAN PELT, Senior District Judge.*
 
 
 4
 VAN PELT, Senior District Judge.
 
 
 5
 Anthony M. Gioia, Receiver of the Estate of North St. Louis Hospital Association (hereinafter the Hospital), appeals a decision by the District Court for the Eastern District of Missouri dismissing with prejudice the Hospital's[1] third suit against Blue Cross Hospital Service, Inc. of Missouri (hereinafter Blue Cross). The dismissal was based on a finding by the district court that the plaintiff had voluntarily dismissed two earlier suits, and that under Fed.R.Civ.P. 41(a)(1)[2] the second dismissal operated as an adjudication on the merits. The Hospital argues that the district court erred in that (1) the second dismissal was in fact a dismissal by the court without prejudice as provided for in Fed.R.Civ.P. 41(a)(2);[3] and (2) that defendant cannot now in a separate suit collaterally attack the order of dismissal entered in the second suit but should have made a motion to alter, amend or vacate under Fed.R.Civ.P. 59(e) within 10 days after entry of the judgment.
 
 
 6
 The facts of this case show multiple procedural errors. The first suit was brought by appellant in state court. The state court suit is of little consequence here other than to note that it was voluntarily dismissed by plaintiff on a form entitled "Memorandum for Clerk." A second suit was filed, this time in federal district court. Soon after filing, nearly 100 individuals moved to intervene. The district court denied the motion, and an interlocutory appeal was taken to the United States Court of Appeals for the Eighth Circuit.[4] Blue Cross had fully briefed this appeal in the Eighth Circuit, when the Hospital again decided to dismiss. The Hospital's attorney wrote a letter on July 25, 1978 to the Blue Cross attorney. The first paragraph stated:
 
 
 7
 Having determined that Health Systems Agency is a necessary Defendant in the Hospital's and patients' suit against Blue Cross, we have decided to file a new action in Federal District Court. It is our opinion that this would be more efficient than trying to add H.S.A. during the pendency of our appeal. Please be advised that as soon as service is obtained on all Defendants, it is our intention to dismiss North St. Louis et al. vs. Blue Cross, # 78-0093-C(B) as well as the appeal.
 
 
 8
 On Monday, August 7, 1978, a document entitled "Memorandum for Clerk" was sent to Blue Cross' counsel. The memorandum was handwritten and stated:
 
 
 9
 Comes now the Plaintiffs, North St. Louis Hospital Ass'n and O. J. Ashwood, et al., and by leave of Court, dismisses its complaint No. 78-0093C(B) without prejudice, at Plaintiff's cost.
 
 
 10
 It is at this point that the procedural snafus and ambiguity begin. The document looks exactly the same as the earlier voluntary dismissal of the state court case. It does recite "by leave of Court", but it is not addressed to the court in the form of a motion, and no order for the court to sign was attached. Somehow, this document entitled "Memorandum for Clerk" made its way to the judge handling the suit whether by hand delivery or mail is not shown. The judge wrote on the side of such memorandum "So ordered" and signed his name and it was duly filed by the clerk on August 9, 1978. A copy of the Memorandum with the clerk's filing stamp and the judge's notation and signature was mailed to counsel for Blue Cross by the clerk's office. Blue Cross took no action.
 
 
 11
 There is no question but that in order to have a valid court dismissal under Fed.R.Civ.P. 41(a)(2) a motion, so entitled, should have been filed. Notice should have been given Blue Cross with an opportunity for a hearing. Both local and federal rules support this procedure.[5] Case law on the issue has vacated similar purported dismissals without prejudice where defendant was not provided with notice and a hearing. See Diamond v. United States, 267 F.2d 23 (5th Cir. 1959). See also 5 J. Moore, Federal Practice P 41.05(1), at 41-68:
 
 
 12
 (O)n a motion or a notice by plaintiff treated as a motion to dismiss, the defendant should be given notice and an opportunity to be heard as to the merits of the motion and also as to the terms and conditions, if any, to be imposed in granting the order.
 
 
 13
 If plaintiff's motion is denied, plaintiff must then proceed with his suit or be subject to appropriate sanctions for failure so to do. If the motion is granted without any attached terms or conditions, the case is ripe for a formal judgment of dismissal, which should then be entered. 51
 
 Footnote 51 of Moore's indicates:
 
 14
 Rule 58, as amended in 1963, infra, comtemplates (sic) the entry of a formal judgment, which "shall be set forth on a separate document."
 
 
 15
 There was no separate document here. The judge's notation "So ordered" and signature are written on the Memorandum for Clerk.
 
 
 16
 On July 25, 1978, the Hospital filed its third suit based on the same allegations as the earlier two suits. This is the suit contemplated in the letter of July 25, 1978 above mentioned. It was assigned to Judge Meredith, who had not handled the second suit. The third suit was filed approximately two weeks before the Memorandum for Clerk was given to Judge Regan who was handling the second case. While court-ordered second dismissals are subject to the discretion of the judge as to whether they should be granted, and if so on what terms and conditions, the Hospital obviously either did not consider this a court dismissal or, if it was, that the court had any discretion, since they had proceeded to file the third suit without leave of court or waiting to find out if there would be any terms and conditions attached.
 
 
 17
 Finally, to make procedural matters even more difficult, one of the Hospital's grounds of appeal in this court that the order of dismissal cannot be collaterally attacked was never presented to the trial judge in the third suit.
 
 
 18
 Judge Meredith found that the only question before him on the Blue Cross motion to dismiss was whether the dismissal was by court order or was a unilateral notice of dismissal.[6] From the facts, he concluded that the August 7 memorandum was voluntary notice of unilateral dismissal because (1) defendants had not filed an answer or a motion for summary judgment and under the rule plaintiff was entitled as a matter of right to dismiss its complaint; (2) that defendants were given no opportunity to oppose the dismissal; and (3) that considerable time and expense had been required of the defendants, which is one of the reasons Rule 41(a)(1) was enacted.
 
 
 19
 On review here, we have serious doubt as to whether the Hospital can raise for the first time in this court the claim that Blue Cross in a third suit cannot collaterally attack the order entered in the second suit. See United States ex rel. Huisinga v. Commanding Officer, 446 F.2d 124, 125 (8th Cir. 1971) and cases cited therein. See also Katsev v. Coleman, 530 F.2d 176, 179 (8th Cir. 1976).
 
 
 20
 Further, the very issue of collateral attack assumes that there is an order to attack. As mentioned before, in order for there to be a final order or judgment, the Federal Rules require that it be entered on a separate document. This was not done. Does that mean that there is no order and thus no judgment? No one has addressed that question. It is true that the Supreme Court in Bankers Trust Co. v. Mallis, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) concluded that:
 
 
 21
 (I)t could not have been intended that the separate-document requirement of Rule 58 be such a categorical imperative that the parties are not free to waive it.
 
 
 22
 Id. at 384, 98 S.Ct. at 1119-1120. A major distinction between Bankers Trust Co. supra, and the instant fact situation is that in Bankers both parties and the district court proceeded on the assumption that there was an adjudication of dismissal. The plaintiff in Bankers appealed the dismissal, despite the fact no separate order had been entered. Here, there is no indication that Blue Cross ever considered the dismissal as anything other than voluntary, and not by court order. The Hospital has argued that Blue Cross had a duty to challenge the order by motion to alter, amend or vacate, or by some other means pointing out the procedural error to the court and suggesting the due process to which they were entitled. However, Blue Cross' inaction is consistent with its theory that it never considered that a valid court order had been entered. Thus, it is unlikely that Blue Cross here waived the requirement that the judgment be entered on a separate document.
 
 
 23
 Secondly, in Bankers there was a lengthy opinion granting the motion to dismiss. All of the factors had been considered. Here there is no indication that the court considered the merits of dismissing the second suit under 41(a) (2) without the prejudice or without attaching terms and conditions to the dismissal. The Hospital asks us to assume the words "So ordered" have some meaning, and that the judge was aware of the prior dismissal. To do this, is to assume facts that are not in evidence. Judges are human. Unless someone told the trial judge in the second suit that this was the second dismissal of this action, the judge probably could not divine that information on his own. There is no indication that the Hospital informed the judge at the time of dismissal that they had earlier dismissed a state court suit. That information does not appear anywhere in the body of the Memorandum for Clerk. And just as obviously, Blue Cross was not there to inform the judge of that fact and ask that the dismissal be with prejudice or at the minimum that plaintiff be required to pay court costs and attorneys fees before proceeding with a third suit. Thus, this case did not have the full consideration on the merits as in Bankers where both parties proceeded on the assumption that a directive contained in an opinion operated as a final order.
 
 
 24
 We note that the Supreme Court in Bankers found that the sole purpose of the separate document requirement was to clarify when the time for an appeal began to run. The opinion cites from the Advisory Committee's statement of intent which seems to indicate that one purpose was to avoid the confusion when some directive words were included in a memorandum. Certainly, there is no less confusion here as to whether there was an order which should have been challenged along with all of the other procedural inadequacies.
 
 
 25
 All in all, we cannot fault the logic of Judge Meredith who found that the dismissal was not by court order and granted Blue Cross' Motion to Dismiss the third suit with prejudice. The plaintiff proceeded in a manner which would lead one to believe that the dismissal was voluntary and unilateral no proper motion, no notice, no hearing, no waiting for five days before presenting the matter to the judge in accord with the local rules, and no formal order. And, finally, no indication that they believed the court had any discretion in the matter since their third suit was filed before they ever "applied" for dismissal of the second.
 
 
 26
 While it is with reluctance that we affirm the judgment of dismissal, since there may have been some merit in plaintiff's claims which they will now be foreclosed from pursuing, that result is clearly in accord with previous decisions in this Circuit. Judge Meredith realized this also quoting from Engelhardt v. Bell & Howell Company, 299 F.2d 480, 485 (8th Cir. 1962):[7]
 
 
 27
 To assert that plaintiff's counsel may have been ignorant of the two dismissal rule and the effect thereof, and that therefore plaintiff should be relieved of the effects is but to argue that an attorney has no authority to try a case incorrectly and that if he does, then his client is not bound by the result and should be excused from its consequences. The argument, in effect, is that there should be no rules if the violation of them results in the inability of a party to exercise substantive rights. Such contention is, of course, unsound.
 
 
 28
 The judgment of dismissal with prejudice is affirmed.
 
 
 
 *
 Robert Van Pelt, Senior United States District Judge, District of Nebraska, sitting by designation
 
 
 [1]
 All three separate suits were filed in the lower courts by the Hospital. After the filing of the third suit, the Hospital was adjudged to be bankrupt and James E. Crowe, Trustee of the Estate of North St. Louis Hospital Association, was substituted as plaintiff. At the time of oral argument in this court, we were advised that Anthony M. Gioia should be substituted as Receiver of the Estate. For the purpose of clarity in this opinion, the plaintiff-appellant also will be referred to as the Hospital since it initiated all of the suits
 
 
 [2]
 Fed.R.Civ.P. 41(a)(1) reads as follows:
 Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.
 
 
 [3]
 Fed.R.Civ.P. 41(a)(2) reads as follows:
 Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.
 
 
 [4]
 Based on statements made in the briefs, Judge Meredith found that the appeal was taken and dismissed by the individual intervenors who were represented by the same attorney as the North St. Louis Hospital Association. However, the briefs in this court indicate that the appeal and dismissal were actions of the Hospital, not the intervenors
 
 
 [5]
 No one has supplied us with a copy of the local district court rules, but the district court found, and there seems to be no disagreement, that Local Rule 7
 requires that motions shall be submitted upon motion papers and briefs, and that the opposing party shall have five days in which to file a brief written statement of reasons in opposition to the motion.
 Crowe v. Blue Cross Hospital Service, Inc., 84 F.R.D. 623, 625 (E.D.Mo.1979). There were no motion papers and briefs here, and five days were not allowed.
 Fed.R.Civ.P. 7(b)(1) provides:
 An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.
 
 
 [6]
 Apparently none of the parties raised the possibility that if the dismissal was not by court order, there was no effective dismissal. The Hospital has not challenged Judge Meredith's statement of the issues. Both parties seem to understand that there was a dismissal of one kind or another and so concede. Its effect is not to be determined by its conditional language (i. e. that the dismissal is without prejudice). Instead, it should be governed by the language of the rules of civil procedure
 
 
 [7]
 Both plaintiff and defendant have relied heavily on Engelhardt, supra; American Cyanamid Co. v. McGhee, 317 F.2d 295 (5th Cir. 1963); and Orr v. Stuart, 32 F.R.D. 435 (W.D.Ark.1963). We do not feel that any of these cases, or any of the others cited in the briefs, are squarely on point with the fact situation here. A case not cited by the parties, Thomas v. Braffet's Heirs, 6 Utah 2d 57, 305 P.2d 507 (1956), is perhaps more on point, and in accord with the result reached here, although we do not base our decision upon it