McMILLIAN, Circuit Judge.
Bruce Anderson, Elmer Dale Yancey, Robert Whiteley, and Anderson Cajun’s Wharf appeal from a final order entered in the District Court for the Western District of Arkansas dismissing their appeal from a final order entered in the Bankruptcy Court for the Western District of Arkansas in favor of the trustee and against appellants in several adversary proceedings. The district court dismissed the appeal for lack of jurisdiction because the notice of appeal was untimely filed and because the untimely filing was not due to excusable neglect. For reversal appellants argue that the district court erred in dismissing the appeal because (1) the notice of appeal was timely filed as of the date it was placed in the mail; (2) if the notice of appeal was untimely filed, any untimeliness was due to excusable neglect; and (3) the clerk of the bankruptcy court improperly failed to enter the order of the bankruptcy judge on a separate document. For the reasons discussed below, we reverse and remand with directions.
We are concerned with the procedural history only. On March.21, 1984, 41 B.R. 476, the bankruptcy judge issued a thirteen-page “order” awarding judgment to the trustee in three adversary proceedings which had been consolidated for trial. The underlying facts of the adversary proceedings in the bankruptcy court are not relevant to this appeal. Under the same date, the order was noted on the docket sheets of the three adversary proceedings but was not noted on the docket sheet of the main bankruptcy case. The order was not set forth on a separate document nor was the filing date noted on the order. Appellants’ counsel received a copy of the order by mail on March 26, 1984. On April 4, 1984, appellants’ counsel mailed the notice of appeal to the clerk of the bankruptcy court. The clerk of the bankruptcy court received the notice of appeal on April 5, 1984, but refused to file the notice of appeal until April 9, 1984, upon payment of the filing fee. Sometime later, the successor trustee filed a motion in the district court to dismiss the appeal as untimely. On July 31, 1984, the district court granted the motion to dismiss the appeal, finding that the notice of appeal was untimely filed and that the untimely filing was not due to excusable neglect or any failure on the part of the clerk of the bankruptcy court.
Because we agree with appellants’ argument that the district court erred in dismissing the appeal because the order of the bankruptcy court was not set forth on a separate document, we do not address appellants’ first two arguments.[1] *483 Bankruptcy Rule 9021, which is derived from Fed.R.Civ.P. 58, provides that “[e]very judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document.” In United States v. Indrelunas, 411 U.S. 216, 222, 93 S.Ct. 1562, 1565, 36 L.Ed.2d 202 (1973) (per curiam), the Supreme Court held that the purpose of the separate document requirement of Fed.R.Civ.P. 58 was to eliminate uncertainty as to the date of a final judgment and to further that purpose the rule must be “mechanically applied.” Appellants argue that because the order was not set forth on a separate document, the time for filing a notice of appeal has not yet begun to run. For that reason, appellants argue that the district court erred in dismissing the appeal as untimely filed and argue that the case should be remanded for entry of judgment on a separate document as required by Bankruptcy Rule 9021.
Appellee concedes that in the present case, apparently in accordance with the practice of the bankruptcy court for the Western District of Arkansas, the clerk of the bankruptcy court did not comply with the separate document requirement of Bankruptcy Rule 9021. Appellee argues, however, that the Supreme Court has held that the separate document requirement of Fed.R.Civ.P. 58 is not jurisdictional and can be waived by the parties, citing Bankers Trust Co. v. Mallis, 435 U.S. 381, 385, 98 S.Ct. 1117, 1120, 55 L.Ed.2d 357 (1978) (per curiam) (Bankers Trust). Appellee argues that appellants waived compliance with the separate document requirement by filing a notice of appeal.
In Bankers Trust, the Supreme Court explained that “[cjertainty as to timeliness ... is not advanced by holding that appellate jurisdiction does not exist absent a separate judgment.” Id. at 385, 98 S.Ct. at 1120. The Court reasoned that “if the only obstacle to appellate review” is the lack of a separate document, id. at 386, 98 S.Ct. at 1120, “nothing but delay would flow from requiring the court of appeals to dismiss the appeal.” Id. at 385, 98 S.Ct. at 1120. The Court held that where it was clear that an opinion was a final order, judgment of dismissal was entered on the docket sheet, and the appellant did not object to the absence of a separate document, the parties should be deemed to have waived compliance with the Rule. Id. at 387-88, 98 S.Ct. at 1121-22. The Court noted that “ ‘[t]he rule should be interpreted to prevent loss of the right of appeal, not to facilitate loss.’ ” Id. at 386, 98 S.Ct. at 1120, citing 9 J. Moore, Moore’s Federal Practice 11110.08[2], at 119-20 (1970). The Court, however, emphasized that “[tjechnical application of the separate-judgment requirement is necessary in [determining whether an appeal is timely] to avoid the uncertainties that once plagued the determination of when an appeal must be brought.” 435 U.S. at 386, 98 S.Ct. at 1120.
We have found no Eighth Circuit case precisely on point. See Gioia v. Blue Cross Hospital Service, Inc., 641 F.2d 540, 543 (8th Cir.1981) (undertaking to distinguish Bankers Trust); Robert M. v. Benton, 622 F.2d 370, 372 (8th Cir.1980) (waiver of separate document requirement “forgivable” in simple case, no indication of final order).
The Seventh Circuit recently attempted to reconcile Indrelunas with Bankers Trust concerning the effect of a lack of a separate document when there is an allegation of an untimely notice of appeal. In Parisie v. Greer, 705 F.2d 882, 891 (7th Cir.) (banc), cert. denied, — U.S. -, 104 S.Ct. 284, 78 L.Ed.2d 261 (1983), Judge Eschbach, with four judges concurring, stated that if a judgment is not entered on a separate document, “it is conceptually impossible for the appeal to be time barred *484 because the clock never started running.” Cf. Gregson & Assocs. Architects v. Government of the Virgin Islands, 675 F.2d 589, 593 (3d Cir.1982) (appellate jurisdiction found because final judgment was not entered on a separate document and thus the notice of appeal could not have been untimely). Judge Wood, however, dissented and argued that because the parties had never raised the issue and had treated the order as a final judgment, the parties had waived compliance with the separate document requirement and the appeal was time barred. Parisie v. Greer, 705 F.2d at 889.
We agree with Judge Eschbach’s analysis in Parisie v. Greer and hold that the lack of a separate document prevents appellants’ appeal from being time barred. Although “a court confronted with such a situation may consider the technically premature appeal on the merits without the necessity of a formalistic remand,” Parisie v. Greer, 705 F.2d at 890 (Eschbach, J.), citing Bankers Trust, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357, we believe the better practice is to remand this case to the district court with directions to remand to the bankruptcy court for entry of judgment on a separate document in accordance with the bankruptcy rules without prejudice to the taking of a timely appeal to the district court upon entry of judgment. See Beukema’s Petroleum Co. v. Admiral Petroleum Co., 613 F.2d 626, 629 (6th Cir.1979) (per curiam).
We note that appellants also allege that the bankruptcy court failed to comply with other provisions of the bankruptcy rules. Whether its practices are in compliance with the bankruptcy rules is initially a matter for investigation by the bankruptcy court. If the bankruptcy court determines that its practices are not in compliance, the bankruptcy court should take immediate action to institute practices which comply with the bankruptcy rules.
Accordingly, the order of the district court dismissing the appeal is vacated and the case is remanded to the district court with directions to remand to the bankruptcy court for entry of judgment on a separate document in accordance with the bankruptcy rules without prejudice to the taking of a timely appeal to the district court upon entry of judgment.

. Appellants’ arguments on appeal are presented in the alternative. The first two arguments assume that the ten-day period for filing the notice of appeal began to run on March 21, 1984, when the bankruptcy court’s order was filed. If the order had been entered on a separate document as required by the bankruptcy rules, the tenth day of the ten-day period for filing the notice of appeal was Saturday, March 31, 1984. Because the tenth day fell on a weekend, the last day for filing the notice of appeal was Monday, April 2, 1984. If we give appellants the benefit of the earliest possible filing date, appellants’ notice of appeal was not filed until April 5, 1984, and was therefore clearly untimely filed. Appellants argue that the period for filing the notice of appeal should be extended by three days because they received a copy of the order of the bankruptcy court by mail and the bankruptcy rules allow three additional days for service by mail. However, "the time for appeal starts to run from the entry of the order and no service of the order or notice of its entry is necessary to start the running of [the prescribed ten-day period].” Goff v. Pfau, 418 F.2d 649, 654 (8th Cir.1969), cert. denied, 398 U.S. 931, 90 S.Ct. 1830, 26 L.Ed.2d 97 (1970).
Appellants also argue that their notice of appeal was timely filed under the so-called "mailbox rule” for filing notices of appeal from bankruptcy court judgments. Under the mailbox rule, the notice of appeal is considered timely if mailed within the ten-day period. See Matter of Pigge, 539 F.2d 369 (4th Cir.1976). Application of the mailbox rule would not make appellants’ notice of appeal timely, because the notice of appeal was not mailed within the ten-day period. Here the notice of appeal was not mailed until April 4, two days after the ten-day period for filing had expired on April 2. Moreover, we note that "the weight of authority rejects the mailbox rule____ [Most courts have agreed *483 that] the filing date, not the mailing date, determines whether an appeal is timely filed.” In re LBL Sports Center, Inc., 684 F.2d 410, 413 (6th Cir.1982) (per curiam).
Appellants also argue that the notice of appeal was untimely filed due to excusable neglect. The question of excusable neglect was not properly before the district court because it appears from the record on appeal that appellants failed to request an extension of time for filing the notice of appeal from the bankruptcy court. Id. at 412-13.