Dewey RODDY and Wilbur
Johns, Plaintiffs,

v.

Harry DENDY, Whitney National Bank,
Phillip Hogan, and Terry Merrill,
Defendants.

Civ. A. No. W91–0089(B).

United States District Court,
S.D. Mississippi, W.D.

Feb. 27, 1992.

Landman Teller, Jr., Teller Martin Chaney & Hassell, Vicksburg, Miss., for plaintiffs.

Paul H. Stephenson, III, Mark D. Jicka, Watkins & Eager, Jackson, Miss., for Whitney Central.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court on the Motion of Defendant Whitney National Bank to Dismiss the complaint for failure to state a claim upon which relief can be granted, the Application of Plaintiff Dewey Roddy for Review of the Order of the United States Magistrate denying a remand to state court in this matter, and the Motion of Plaintiff Dewey Roddy for Voluntary Dismissal of this action.

Rule 41(a)(1) of the Federal Rules of Civil Procedure provides:

> [A]n action may be dismissed by the plaintiff without order of court ... by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.... Unless otherwise stated in the notice of dismissal[,] ... the dismissal is without prejudice.

On December 17, 1991, Plaintiff Dewey Roddy filed with this Court a Motion for Voluntary Dismissal, asking that all claims asserted on his behalf be dismissed without prejudice to his right to reassert such claims at a future date. At the time that the Motion was filed, Defendants had not answered the Complaint, nor had any Defendant filed a motion for summary judgment.

Upon a review of relevant legal authority, the Court finds that the Motion for Voluntary Dismissal filed by Roddy constituted a notice of dismissal pursuant to Rule 41(a)(1) and that, as a matter of law, Roddy's claims must be dismissed from this lawsuit without prejudice. Although the document filed by Roddy was denominated a Motion for Voluntary Dismissal rather than a notice of dismissal as specified in Rule 41(a)(1), the Court finds this distinction to be without legal significance since the effect desired by Roddy in filing the document with the Court was clearly to have his claims dismissed without prejudice. *See Sanchez v. Vaughn Corp.*, 282 F.Supp. 505 (D.C.Mass.1968). Further,

the Court finds that the filing of a Motion to Dismiss by Defendant Whitney Bank prior to the time at which the Motion for Voluntary Dismissal was filed does not preclude the application of Rule 41(a)(1) to this matter. Rule 41(a)(1) specifically provides that dismissal as a matter of right can be foreclosed only by the filing of an answer or a motion for summary judgment. A motion to dismiss for failure to state a claim for relief does not have the same preclusionary effect.[1] *See Carter v. United States,* 547 F.2d 258 (5th Cir.1977). Accordingly, the Court finds that Plaintiff's Motion for Voluntary Dismissal constituted a notice of dismissal for purposes of Rule 41(a)(1) and that Plaintiff Roddy may voluntarily dismiss the Complaint without prejudice at this point in the proceeding.

Because the Court finds that Plaintiff's Motion for Voluntary Dismissal constituted a notice of dismissal without prejudice pursuant to Rule 41(a)(1) and that Plaintiff's claims must be dismissed, the Application for Review and Motion to Dismiss pending in this matter are hereby rendered moot.

IT IS THEREFORE ORDERED that the Motion for Voluntary Dismissal filed by Plaintiff Dewey Roddy be hereby recognized as a notice of dismissal without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure and that all claims asserted by Plaintiff Roddy be hereby dismissed without prejudice.

IT IS FURTHER ORDERED that the Application for Review filed by Plaintiff Roddy and the Motion to Dismiss filed by Defendant Whitney National Bank have been rendered moot.

SO ORDERED.

---

**1.** Where a motion to dismiss for failure to state a claim for relief is based on materials outside of the pleadings and therefore could be considered as a motion for summary judgment, it is possible for the motion to have a preclusionary effect on a plaintiff's right to a voluntary dismissal under Rule 41(a)(1). *See Nix v. Fulton Lodge International Asso. of Machinists & Aerospace Workers,* 452 F.2d 794 (5th Cir.1971). In this regard, the Court notes that the Motion to Dismiss filed by Whitney Bank did include affidavits in support of the Motion and technically could have been converted to a motion for summary judgment although Whitney Bank never requested such action from this Court. Because the Motion was filed shortly after this suit was initiated, however, and no discovery had taken place at that point in time, the Court would have been required under the mandate of *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) and Rule 56(f) of the Federal Rules of Civil Procedure to either dismiss or continue the Motion if it was considered as a summary judgment motion to allow Plaintiff sufficient additional time to conduct discovery necessary to respond. On this basis, the Court declines to strip Plaintiff of his right to a voluntary dismissal pursuant to Rule 41(a)(1) based on the pendency of a Motion to Dismiss that was not presented to the Court as one for summary judgment in the alternative and, further, would have been premature if any such alternative had been presented.