927 So.2d 148 (2006)
Renee FRENGUT, John Bellantoni, and Psychological Insights, Inc., Appellants,
v.
Jeffrey A. VANDERPOL; Gregory A. Martin; Gregory A. Martin & Associates, P.A.; Adorno & Zeder, P.A.; Ralph Guertin; Henry N. Adorno; Jon W. Zeder; George T. Yoss; and John Doe, Appellees.
No. 4D04-4323.
District Court of Appeal of Florida, Fourth District.
April 26, 2006.
*150 Donna M. Greenspan of Edwards Angell Palmer & Dodge LLP, West Palm Beach, for appellants.
Roderick F. Coleman and Dawn M. McMahon of Coleman & Associates, P.A., Boca Raton, for Appellee-Jeffrey A. Vanderpol.
Alicia M. Trinley of Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A., West Palm Beach, for Appellees-Gregory A. Martin; Gregory A. Martin & Associates, P.A.; Adorno & Zeder, P.A.; Henry N. Adorno; Jon W. Zeder; and George T. Yoss.
STONE, J.
This is an appeal from a judgment dismissing Appellants' claims based, in part, on the "two dismissal rule" and, in part, on a failure to state a cause of action. We affirm in part and reverse in part.
In August 2000, Frengut, Bellantoni, and Psychological Insights, Inc. (Frengut) filed third party claims in a Broward County case against Vanderpol, Martin and Martin, P.A., and also against Adorno & Zeder, P.A. (Law Firm), and Adorno, Zeder, and Yoss (Law Firm Partners). Frengut also filed a counter-claim against the initial plaintiffs. The plaintiffs in that case alleged breach of fiduciary duty and conversion against Frengut. The third party claims filed by Frengut included charges of violation of Florida Investors Protection Act, fraud, and conversion.
The judgment on appeal was entered in a subsequent 2004 action. The judgment, as to some parties, Martin, Law Firm, and Vanderpol, is based on the "two dismissal rule" pursuant to Florida Rule of Civil Procedure 1.420(a)(1). The application of the two dismissal rule is predicated on two previous dismissals: one, the Broward County third party claim dismissed in 2001, and the other, a dismissal in federal court in 2001. The dismissal, as to Law Firm Partners, is based on the complaint's failure to state a cause of action and the statute of limitations.
The initial third party claim in the Broward suit was against Vanderpol. Approximately two months prior to Frengut's dismissing it, Frengut sought leave to file "Second Amended Counterclaim, Third Party Complaint and Shareholders Derivative Complaint," attempting to add Martin and Law Firm as third party defendants. The trial court never ruled on that motion and Martin and Law Firm were not otherwise served or made parties.
In June 2001, Frengut filed a "Notice of Withdrawal of Claims and/or Voluntary Dismissal" of the third party claims. The primary suit against Frengut and the *151 counterclaim remained pending. The trial court subsequently denied a motion for attorney's fees filed by Martin and Law Firm, noting that no summonses were ever issued to Martin and Law Firm, they were never served with process and, therefore, they were never subject to the court's jurisdiction.
In August 2000, Frengut filed a complaint in the United States District Court against Vanderpol, Martin and Law Firm on essentially the same claims as raised in the Broward action, adding a claim for violation of federal securities law. In April 2001, Frengut dismissed that case, filing a notice entitled "Notice of Transfer of Causes of Action to State Court and Dismissal of Counts I & II." The federal district court then entered an "Order of Dismissal Without Prejudice," denoting the notice of transfer as a motion to dismiss and closing the case.
Florida Rule of Civil Procedure 1.420(a)(1) ["two dismissal rule"] provides, in relevant part:
[A]n action may be dismissed by plaintiff without order of court (A) before trial by serving, or during trial by stating on the record, a notice of dismissal at any time before a hearing on motion for summary judgment, or if none is served or if the motion is denied, before retirement of the jury in a case tried before a jury or before submission of a non-jury case to the court for decision, or (B) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim.
Florida Rule of Civil Procedure 1.420(c), provides that "[t]he provisions of this rule apply to the dismissal of any counterclaim, crossclaim, or third-party claim."
Initially, we conclude that Martin and Law Firm were never parties to the Broward case; therefore, the dismissal of the third party claim in that case did not constitute a dismissal as to Martin and Law Firm for purposes of subsequently applying the two dismissal rule. Frengut's motion for leave to file a second amended third party complaint to add them was never ruled upon. Therefore, as to them, there was no operative pleading to dismiss in the Broward case.
We also reject Frengut's claims that Martin and Law Firm are estopped from arguing that they were not parties in the Broward case. Frengut has pointed to no responsive pleadings or other acts by Martin and Law Firm prejudicing Frengut or that otherwise constituted a waiver of service of process.
As Martin and Law Firm were not parties to the Broward dismissal, the dismissal in the instant case, as to them, was improperly predicated upon the Broward case being the first dismissal. As Vanderpol was a third party defendant in that case, he alone was properly included in the dismissal.
Frengut argues that its notice of dismissal in the Broward case does not constitute a dismissal for purposes of the two dismissal rule, as that rule requires that the notice be filed by the initial plaintiff and not a third party plaintiff. Frengut notes an author's comment in the Florida Rules of Court that 1.420(a)(1) deals only with a plaintiff, whereas the other subsections of the rule apply to dismissal of a counterclaim, cross-claim, or third party claim. We can, however, discern no indication in the rule that 1.420(a)(1) does not apply to a third party plaintiff, particularly as 1.420(c) explicitly provides that the *152 rule applies to dismissals of third party claims, and there is no reason to deprive third party defendants of the benefit of the rule.
Frengut also asserts that the Broward dismissal does not constitute a dismissal for purposes of the two dismissal rule because it did not dismiss the entire action. "[T]he two dismissal rule applies only to dismissal of an entire action or controversy as to all defendants; it does not apply to a dismissal of any claim or cause of action against one or more, but less than all, of the defendants named in the complaint." Dave Hess, Inc. v. Black Angus of Pompano, Inc., 288 So.2d 286, 287 (Fla. 4th DCA 1974).
We conclude that the "entire controversy" in the case of a third party claim includes dismissal of the third party action where the third party plaintiff, as here, dismisses all claims against the third party defendant(s). It would defeat the purpose of the rule to hold that dismissal of a third party complaint does not operate as a dismissal under the rule simply because the underlying law suit against the third party plaintiff remains pending. Therefore, regardless of the label as "third party" plaintiffs, the Frengut appellants were plaintiffs within the purview of the rule.
We note that in HMG Property Investors, Inc. v. Parque Industrial Rio Canas, Inc., 847 F.2d 908, 916 n. 12 (1st Cir.1988), the court found when dealing with Federal Rule of Civil Procedure 41(b), the corollary to rule 1.420(b) under Florida rules, a cross-complainant was considered a plaintiff within the purview of the section and stated that "[i]n any event, labels are relatively unimportant. The provisions of the rule apply equally `to the dismissal of any counterclaim, cross-claim, or third-party claim.'"
Frengut also asserts that the dismissal of the federal case did not constitute a "dismissal" under the federal rule. Federal Rule of Civil Procedure 41(a)(1) provides:
Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.
It also has been said that a "dismissal by motion and court order does not implicate the rule 41(a)(1) two dismissal rule." ASX Inv. Corp. v. Newton, 183 F.3d 1265, 1268 (11th Cir.1999).
In ordering the dismissal in response to the notice, the federal court included the language:
THIS CAUSE comes before the Court upon Plaintiff's Notice of Transfer of Causes of Action to State Court and Voluntary Dismissal of Counts I & III, filed April 12, 2001 (DF.# 76), requesting that the Court Dismiss all Counts without prejudice. ORDERED AND ADJUDGED that the Plaintiff's Motion is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE.
Labeling a filing as a "notice" or a "motion" is not controlling as to this issue. See United States v. 1982 Sanger 24' Spectra Boat, 738 F.2d 1043, 1046 (9th Cir. 1983) (holding a "moving party's label for its motion is not controlling"); Williams v. Ezell, 531 F.2d 1261, 1263 (5th Cir.1976) (commenting "that it [the motion] was styled a `Motion for Dismissal' rather than a `Notice of Dismissal' is, in our opinion, a distinction without a difference"); Roddy v. Dendy, 141 F.R.D. 261, 261 (S.D.Miss. 1992) (holding denomination of motion rather than notice is "without legal significance *153 since the effect desired ... was clearly to have [plaintiff's] claims dismissed without prejudice").
In Gioia v. Blue Cross Hospital Service, Inc. of Missouri, 641 F.2d 540, 542 (8th Cir.1981), the trial judge was mistakenly delivered a "Memorandum for Clerk" that was meant for opposing counsel. The handwritten memorandum was to dismiss the plaintiff's complaint without prejudice. Id. The judge wrote on the side of the memorandum "So ordered" and it was filed by the clerk of the court. Id. This dismissal served as a second dismissal under the two dismissal rule, barring the same claims filed in a third suit. Id. at 544. The court upheld the dismissal, stating that "[t]he plaintiff proceeded in a manner which would lead one to believe that the dismissal was voluntary and unilateral no proper motion, no notice, no hearing, no waiting for five days before presenting the matter to the judge in accord with the local rules, and no formal order." Id.
Gioia is analogous to this case. Therefore, notwithstanding the trial judge included in the order of dismissal that the "motion" was granted, the notice of transfer simply did not operate as a transitional motion but was, effectively, a notice of voluntary dismissal. Certainly, the trial judge considered the notice a voluntary notice of dismissal under rule 41, as he dismissed all of the claims without prejudice and did not require compliance with customary motion procedure in doing so.
Frengut also argues that the appellees improperly asserted the two dismissal rule in a motion to dismiss and, as the rule has the preclusive effect of res judicata, asserts that it should have been raised as an affirmative defense. We do not address this issue, as it is not preserved. The record reflects that this argument was not made as to the claims against Vanderpol in the trial court. E.g., Wildwood Props., Inc. v. Archer of Vero Beach, Inc., 621 So.2d 691, 692 (Fla. 4th DCA 1993).
Therefore, as to Martin and Law Firm, the judgment is reversed, and as to Vanderpol, the judgment is affirmed. With regard to the dismissal as to Law Firm Partners, we reverse the dismissal of the wrongful injunction count, as it appears that the trial court looked beyond the four corners of the complaint in denying leave to amend. As to all other counts against Law Firm Partners, we affirm without further comment. We remand for further proceedings consistent with this opinion.
GROSS and MAY, JJ., concur.